UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Commerce Drive Holding One, LLC,            Case No. 3:23-cv-336

         Plaintiff,

v.                                                        ORDER

Apakaging Group, LLC,

         Defendant.

On February 22, 2023, Defendant Apakaging Group, LLC removed this action from the Defiance County, Ohio Court of Common Pleas, asserting this court has original diversity jurisdiction over this matter. (Doc. No. 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

In the Notice of Removal, Defendant states the following jurisdictional allegations:

1. Plaintiff Commerce Drive Holding One, LLC ("**CDHO**") is an Ohio limited liability company licensed to transact business in the State of Ohio, with its principal place of business in Defiance, Ohio. (*See* Complaint, at ¶1, attached hereto as **Exhibit 1**.) Upon information and belief, all of CDHO's members/owners are residents of Ohio, and as such, CDHO is a citizen of the state of Ohio.

2. Apakaging is a California limited liability company, maintains its principal place of business in Azusa, California, and Apakaging does not have any members or

> owners located in the state of Ohio. Thus, Apackaging is a citizen of the state of California. (*Id.*, at ¶2.)

(Doc. No. 1 at 1). While these allegations do address the relevant question of LLC-member citizenship, the general assertions are insufficient. Instead, "the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005.

Without knowing the citizenship of *each* member of both Plaintiff and Defendant, I cannot determine whether complete diversity exists or conclude this court has subject matter jurisdiction. Therefore, to maintain this action in federal court, Defendant shall supplement its Notice of Removal by filing an affidavit of jurisdiction within 28 days of this Order. *See* 28 U.S.C. § 1447(c). In the affidavit, Defendant shall identify each member and sub-member, if applicable, of both Plaintiff and Defendant. For each member and sub-member, Defendant shall state jurisdictional allegations sufficient for me to determine the citizenship of that member. For example, if a member is a corporation, Defendant must state the member's place of incorporation and principal place of business.

I urge Plaintiff and Defendant to work collaboratively to resolve this matter.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge